IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHILLIP A. WHITE, JR. individually and )<br>d/b/a PHILTEK ENTERPRISES, LLC, )<br>d/b/a VML LOUNGE, and PHILTEK )<br>ENTERPRISES, LLC d/b/a VML )<br>LOUNGE, )<br>)<br>Defendants. ) | Case No. 12-CV-572-WDS-DGW |

## ORDER

Before the Court is plaintiff's motion to voluntarily dismiss this case in its entirety (Doc. 11). Plaintiff requests a dismissal of the action without prejudice up until September 1, 2013, at which time plaintiff requests that the matter be dismissed with prejudice and with each party to bear its own costs.

The Seventh Circuit has explained:

> Rule 41(a)(1) provides that if the plaintiff "files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . the dismissal is without prejudice." The plaintiff sought to dismiss her first suit before the defendant filed either an answer or a motion for summary judgment, so the judge was not authorized to dismiss the suit with prejudice. The miscaptioned motion itself effected the dismissal of the suit; the case was gone; no action remained for the district judge to take. Since there was no longer a case pending before him, and since a federal judge's authority to issue orders depends (with immaterial exceptions) on the existence of a case, his order was void.

*Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008). The *Smith* court noted that even though the Rule 41(a)(1) notice of dismissal was captioned a "motion to voluntarily dismiss the

1

plaintiff's complaint," it was, in substance, a Rule 41(a)(1) motion. *Id.* at 783; *see also Edwards-Brown v. Crete-Monee 201-U School Dist.*, 491 F.App'x 744 (7th Cir. 2012) (Noting that "the district court properly construed [plaintiff's] 'motion' for voluntary dismissal as a notice of voluntary dismissal under Rule 41(a)(1)" and that "[a] voluntary dismissal filed before any responsive pleading is filed is self-executing and automatically effects dismissal of the case." A court order granting any such motion is, therefore, "superfluous" and the effective date of dismissal of the suit is the date the notice of voluntary dismissal is filed).

In this case, plaintiff's motion is, substantively, a Rule 41(a)(1) motion, and the defendants have neither answered nor filed a motion for summary judgment. Accordingly, this Order simply acknowledges the dismissal of the case without prejudice as of April 11, 2013, the date of the filing of plaintiff's motion to voluntarily dismiss (Doc. 11).

The Clerk of the Court is **DIRECTED** to administratively close this case.

**IT IS SO ORDERED.**

**DATE: April 29, 2013**

                                      **/s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**